SMITH, Appellant,

v.

TROY MOOSE LODGE NO. 1044, Appellee.

[Cite as *Smith v. Troy Moose Lodge No. 1044* (1994), 96 Ohio App.3d 814.]

Court of Appeals of Ohio,
Miami County.

No. 94–CA–7.

Decided Nov. 4, 1994.

*Robert J. Huffman, Jr.,* for appellant.

*Marilyn R. Donoff* and *Paul W. Mills,* for appellee.

WOLFF, Judge.

Brenda S. Smith appeals from judgment entered against her and in favor of Troy Moose Lodge # 1044 pursuant to the trial court's sustaining of the lodge's motion for summary judgment. Her sole assignment of error is that the trial court erred in sustaining the lodge's motion for summary judgment.

Smith claims that she was unlawfully discharged from her employment as a barmaid with the lodge because she was terminated for exercising her right to participate in the state of Ohio's Unemployment Compensation Fund.

The facts are in dispute as to whether, as Smith claims, she was terminated because she filed for unemployment compensation or whether, as the lodge claims, Smith voluntarily terminated her employment in return for the lodge's not opposing payment of unemployment compensation to her.

According to Smith, she applied for a "waiting week" during a week that she was not assigned any hours. Smith believed this "waiting week" would satisfy the required waiting period before she could receive unemployment compensation should she be laid off again at a later date. Thereafter, she was scheduled to work for two weeks. Toward the end of the second week, the lodge terminated her employment because she had applied for benefits.

The lodge conceded in the trial court that Smith's version of the facts must be accepted as true for purposes of its motion for summary judgment, but argued, on the authority of *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, that Smith could not complain of wrongful termination of her at-will employment unless her termination was in violation of a specific statute. On appeal, the lodge also relies on *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729, which specifically states that "(a)bsent statutory authority, there is no common-law basis in tort for a wrongful discharge claim." *Id.* at syllabus.

Since the entry of judgment in the trial court, the Supreme Court of Ohio has overruled *Tulloh v. Goodyear Atomic Corp. Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51. While adhering to the position it adopted in *Greeley* that an employee claiming wrongful discharge must allege facts demonstrating that the employer's act of discharging the employee contravened a "clear public policy," the court specifically held that clear public policy sufficient to justify an exception to the employment at-will doctrine is not limited to public policy expressed by the general assembly in the form of statutory enactments. *Id.* at paragraphs two and three of the syllabus. In *Painter,* the Supreme Court admonishes courts to be mindful of its admonition in *Greeley* that an exception to the traditional doctrine of employment at will should be recognized only where the public policy alleged to have been violated is as serious as the violation of a statute. *Id.* at 384, 639 N.E.2d at 56.

Unemployment compensation exists for the benefit of employees who are temporarily deprived of employment. The right to receive unemployment compensation benefits is grounded in Ohio statutory law. If the right to receive unemployment compensation because of temporary unemployment represents the clear public policy of Ohio, it would contravene that clear public policy to

terminate an employee for exercising his or her statutory right to participate in the benefits of the Unemployment Compensation Fund.

Accordingly, the judgment entered pursuant to the lodge's motion for summary judgment is reversed, and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.